IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALVIN BRANCH,                              )
                                            )
                        Plaintiff,          )
                                            )
                                            )
vs.                                         )        Case No. 12-cv-579-MJR
                                            )
VANDALIA CORRECTIONAL                       )
CENTER, and VICTOR DOZIER,                  )
                                            )
                        Defendants.         )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, who was an inmate in the Illinois Department of Corrections at the time suit was filed, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.[1]

Plaintiff used this District's complaint form.   In Section IV, for his statement of claim, he wrote "It goes against improper medical treatment."  He also filed copies of a grievance, responses to the grievance and 5 pages of medical records. Based upon the grievance and medical records, the Court gleans that Plaintiff is dissatisfied with treatment he received at Vandalia Correctional Center for hemorrhoids.  In the grievance, he complains that an unidentified doctor and nurse

---

[1] Although plaintiff has been released from prison, his complaint is still subject to the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *Dixon v. Page*, 291 F.3d 485, 488-489 (7th Cir. 2002).  The PLRA uses the same definition of "prisoner" as Section 1915A; under both statutes, plaintiff's status as a prisoner is determined as of the filing of suit.

ignored his complaints that the prescribed cream and pills not only did not help him, they made his condition worse.

The Eighth Amendment prohibits "deliberate indifference to serious medical needs." *Oliver v. Deen*, **77 F.3d 156, 159 (7th Cir.1996)** (quoting *Estelle v. Gamble*, **97 St. Ct. 285 (1976)**).   Prolonged, unnecessary pain can itself furnish the foundation for a deliberate indifference claim, as can delayed treatment which exacerbates injuries; and even a short delay may suffice if a condition is severely painful and readily treatable. *Smith*, **666 F.3d at 1040;** *Edwards v. Snyder*, **478 F.3d 827, 830-31 (7th Cir. 2007)(plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate indifference claim).**   However, allegations of negligence or medical malpractice are not sufficient to state a constitutional claim.  **See** *Estelle*, **97 S. Ct. at 292;** *Perkins v. Lawson*, **312 F.3d 872, 875 (7th Cir. 2002) (stating that even gross negligence does not constitute deliberate indifference)**.

Giving Plaintiff's papers a broad construction and accepting his allegations as true, the Court finds that Plaintiff has not articulated a colorable federal cause of action against either named Defendant.

Defendant Victor Dozier is the Warden of Vandalia Correctional Center.  There is no indication in Plaintiff's papers that Warden Dozier had anything at all to do with his medical treatment.  Section 1983 creates a cause of action based on personal liability and predicated upon fault. Liability does not lie unless the particular individual defendant caused or participated in the constitutional deprivation. *See Kuhn v. Goodlow*, **678 F.3d 552, 555-56 (7th Cir. 2012).**   "Section 1983 creates liability only for a defendant's

personal acts or decision," *Vinning-El v. Evans*, **657 F.3d 591, 592 (7th Cir. 2012).** It "does not establish a system of various liability," *Burks v. Raemisch*, **555 F.3d 592, 593-94 (7th Cir. 2009),** and it "has long been established that there is no respondeat superior liability under section 1983," *Rodrigeuz v. Plymouth Ambulance Service*, **577 F.3d 816, 822 (7th Cir. 2009).** *See also Matthews v. City of East St. Louis*, **674 F.3d 703, 708 (7th Cir. 2012).**

The only other named Defendant, Vandalia Correctional Center, cannot be sued under Section 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, **491 U.S. 58, 71 (1989).** *See also Wynn v. Southward*, **251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages);** *Billman v. Indiana Department of Corrections*, **56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment);** *Hughes v. Joliet Correctional Center*, **931 F.2d 425, 427 (7th Cir. 1991) (same);** *Santiago v. Lane*, **894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).**

The complaint, as it now stands, fails to state a claim upon which relief can be granted. It is conceivable that Plaintiff could state a constitutional claim against the doctor and/or nurse referred to in his grievance, but the present complaint does not do so. Pursuant to *Smith v. Knox County Jail*, **666 F.3d 1037, 1040 (7th Cir. 2012)**, the Court will give Plaintiff an opportunity to amend his pleading before dismissing his case with prejudice.

**Pending motion**

The Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel **(Doc. 11)**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. ***Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).** Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id*. When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)**. With regard to the first step of the inquiry, plaintiff indicates that he has contacted some attorneys and is awaiting their responses.  Mr. Branch is now free of the impediments to securing counsel that were posed by his imprisonment.  The record does not establish that he is unable to secure counsel on his own. As to the second factor, Mr. Branch indicates that he has a high school education. He is obviously literate.  Again, the fact that he is no longer in prison greatly enhances his ability to proceed without counsel.  There is no indication on the record now before the Court that he is unable to represent himself, at least at this stage of the proceedings. Plaintiff may choose to re-file this motion at a later stage in the litigation.

**Disposition**

The complaint does not contain any allegations supporting Section 1983 liability against either named Defendant. Accordingly, the Court **DISMISSES** the complaint **without prejudice**. Branch will be given an opportunity to amend the

complaint to allege Eighth Amendment deliberate indifference claims against defendants who were personally involved in the alleged violations of Plaintiff's constitutionally-protected rights.

If Plaintiff wants to proceed herein, he must file a First Amended Complaint by **September 4, 2012**.  Since amended complaints completely supersede and replace prior complaints, the First Amended Complaint must stand on its own, contain all allegations regarding these incidents of alleged deliberate indifference, and not include reference back to the original (now dismissed) complaint. The amended complaint will be subject to threshold review under 1915A. **Failure to file a First Amended Complaint by September 4, 2012 will result in dismissal of this case with prejudice under Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

**DATE:  August 17, 2012.**


**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**Unites States District Judge**